MEMORANDUM **
Nico Gunawan and his brother, Ivan Gu-nawan, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review as to Ivan, and we deny in part and grant in part the petition for review as to Nico.
With respect to Ivan’s asylum claim, substantial evidence supports the BIA’s finding that he did not establish past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003). Substantial evidence also supports the BIA’s finding that, even under a disfavored group analysis, Ivan did not demonstrate sufficient individualized risk of persecution to establish a well-founded fear of future persecution. Cf. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004). Accordingly, Ivan failed to establish eligibility for asylum.
Because Ivan failed to satisfy the lower standard of proof for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Alvarez-Santos v. INS, 332 F.3d 1245, 1255 (9th Cir.2003).
Substantial evidence supports the BIA’s denial of CAT relief with respect to Ivan because he failed to show it was more likely than not that he would be tortured in Indonesia. See Wakkary, 558 F.3d at 1068.
With respect to Nico’s asylum claim, the BIA denied it as time-barred and Nico does not challenge this finding in his opening brief. With respect to Nico’s withholding of removal claim, substantial evidence supports the BIA’s finding that Nico did not establish past persecution. See Nagoulko, 333 F.3d at 1015. However, with respect to its assessment of Nico’s future fear, the BIA erred by refusing to consider the evidence regarding whether Nico belonged to a disfavored group in assessing his withholding of removal claim, *704 so we remand for reconsideration of this claim. See Wakkary, 558 F.3d at 1068-69; INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In addition because it is unclear whether the issue of internal relocation is a question of fact, subject to clear error review by the BIA, or a question of law, subject to de no review by the BIA, we remand this issue to the BIA as well. See Brezilien v. Holder, 2009 WL 1297951, *9-*10 (9th Cir. May 12, 2009); Ventura, 537 U.S. at 16-18,123 S.Ct. 353.
Substantial evidence supports the BIA’s denial of CAT relief with respect to Nico because he failed to show it was more likely than not that he would be tortured in Indonesia. See Wakkary, 558 F.3d at 1068.
Accordingly, we deny the petition for review with respect to Ivan, and we deny in part, and grant in part the petition for review with respect to Nico. We remand for further proceedings consistent with this disposition.
Each party shall bear its own costs for this petition for review.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.